UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID S. MOSKOWITZ | : : | |
| Plaintiff, | : : | Civil Action No. 22-4778 (JXN) (AME) |
| v. | : : | |
|  | : | OPINION |
| QUICKEN LOANS, *et al*. | : : | |
| Defendants. | : : : : : : | |

**NEALS**, District Judge:

This matter comes before the Court on the Motion to Dismiss Plaintiff's Complaint [ECF No. 10] filed by Defendants Quicken Loans, Rocket Mortgage, [1] and Dan Gilbert (collectively, ("Defendants"), to which Plaintiff David S. Moskowitz ("Plaintiff") filed opposition [ECF No. 22] and Defendants replied [ECF No. 25]. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' Motion to Dismiss [ECF No. 10] is **GRANTED WITHOUT PREJUDICE**.

I. **FACTUAL BACKGROUND**

On March 22, 2022, Plaintiff commenced the instant action by filing a Complaint in New Jersey Superior Court. ECF No. 1-2 at 6.[2] In the Complaint, Plaintiff seeks $18 million damages, based on what appears to be challenges to a residential mortgage foreclosure action. *Id*. at 18. On

---

[1] Defendants note that Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans Inc. was improperly sued as "QUICKEN LOANS" and "ROCKET MORTGAGE." *See* Massimo Decl. ¶ 2, ECF No. 12. Based on Defendants' representation, the Court will refer to Quicken Loans and Rocket Mortgage collectively as Rocket Mortgage.

[2] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

July 27, 2022, Defendant Rocket Mortgage filed a formal Notice of Removal, seeking to remove the state court action to the United States District Court for the District of New Jersey. *See* ECF No. 1. On October 5, 2022, Defendants moved to dismiss, arguing that Defendants were not properly served, and Plaintiff failed to state a claim upon which relief can be granted, among other arguments. *See* Def.s' Br., ECF No. 11. Plaintiff filed an untimely opposition, arguing that Defendants committed several crimes in connection with a foreclosure action. *See* ECF No. 22.

## II.   DISCUSSION AND ANALYSIS

The Court will dismiss the Complaint for insufficient service. Accordingly, because insufficient service deprives the Court of jurisdiction, the Court will not reach Defendants' 12(b)(6) arguments.

### A.  Standard of Review

District courts may dismiss a complaint without prejudice if the defendant was not served with copies of the complaint and summons within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m), 12(b)(4). Where, as here, there is a question as to the validity of service, the burden of proof of service lies on "the party asserting the validity of service," Plaintiff. *Grand Entmt. Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993); *see also Hsueh v. Bank of Am. Hum. Res.*, No. CV19-20408(KM)(JBC), 2020 WL 5810563, at *1 (D.N.J. Sept. 29, 2020). "This burden can be met by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019) (quoting *State Farm Mut. v. Tz'Doko V'Chesed*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008)).

### B.  Service of Process

In moving to dismiss, Defendants argue that Plaintiff never served them. *See* ECF No. 11 at 8–10. The Court will address the service argument because "[i]n the absence of service of

process . . . a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 1327 (1999).

Defendant Rocket Mortgage is a limited liability company, headquartered incorporated in Delaware with its principal place of business in Detroit, Michigan. *See* Massimo Decl. Ex. L, ECF No. 12-12. Defendant Rocket Mortgage could be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). In the alternative, service could be made by following New Jersey's rules. *See* Fed. R. Civ. P. 4(e)(1). The New Jersey procedures are fairly similar in this regard, but also provide that a plaintiff can serve "a person at the registered office of the corporation in charge thereof" or, if service cannot be made on that person or those listed in Federal Rule 4(h)(1)(B), "then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties," N.J. R. Ct. 4:4-4(a)(6).

Defendant Gilbert, an individual defendant, could be served by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. (4)(e)(2)(A)–(C).[3]

As best the Court can construe, Plaintiff asserts that he mailed letters to Defendants. *See* ECF No. 22 at 1. Under the relevant rules noted above, that was insufficient to serve any

---

[3] Service could also be made according to New Jersey's rules, *see* Fed. R. Civ. P. 4(e)(1), but for individuals they are essentially the same, *see* N.J. R. Ct. 4:4-4(a)(1).

defendant. Moreover, Plaintiff has not presented any evidence using affidavits, depositions, and oral testimony to establish validity of service. Because the burden of proof of service lies on "the party asserting the validity of service," Plaintiff's lack of evidence represents a failure to meet that burden. Thus, Plaintiff has not established effective service of process for any defendant.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 10] is **GRANTED WITHOUT PREJUDICE**.  An appropriate Order shall issue on this date.

DATED: May 3, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

4